RUPERT'S OIL SERVICE *v.* REGINALD A. LESLIE

SUPERIOR COURT JUDICIAL DISTRICT OF FILE No. 280073
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed March 20, 1985

296

 

*Peck, Schluger & Coombes,* for the plaintiff.
*Sudarsky & Sudarsky,* for the defendant.

BIELUCH, J. The parties to this action have stipulated and agreed as follows: The plaintiff delivered fuel oil to two properties owned by the defendant in the city of Hartford at 441 Barbour Street and 84–86 Martin Street. Some of the deliveries of fuel oil were by metered delivery tickets as required by § 14-329 of the General Statutes, and some by nonmetered delivery tickets. The metered delivery tickets, after making certain adjustments agreed upon, amounted to $6475.62. The nonmetered delivery tickets, after making certain adjustments agreed upon, amounted to $5000. The total payments made by the defendant to the plaintiff on account of the deliveries amounted to $7751.19. If the court concludes that the plaintiff cannot recover for the deliveries made by nonmetered delivery tickets, then judgment should be rendered for the defendant on his counterclaim for $1275.57, computed as follows: Total payments made by the defendant, $7751.19, less the amount of the metered deliveries, $6475.62, for a difference of $1275.57 together with interest on that sum from October 8, 1981, without costs. If the court concludes that, notwithstanding the violations of § 14-329 of the General Statutes, the plaintiff can recover for both the metered and the nonmetered deliveries, then judgment should be rendered in favor of the plaintiff in the sum of $5524.43 plus interest from October 8, 1981. If the defendant pays the sum of $3724.43 within six months from the date of judgment, that sum shall be in full satisfaction of that judgment.

General Statutes § 14-329 provides that fuel oil shall be delivered through a meter which "shall print the gallonage reading of the meter before and after delivery is made and each ticket shall be locked in the meter between readings so as to prevent fraud." A delivery ticket showing the gallonage delivered shall be given to the purchaser or his agent or representative at the time of the delivery. A violation of the prescribed proof of delivery is a criminal offense subject to penalty. The issue before the court is whether such a violation also precludes recovery in a civil action for unmetered delivery of fuel oil. The statute is silent regarding the collectability of deliveries contrary to its provisions.

The court holds that the plaintiff is unable to collect for its unmetered deliveries. The purpose of the statute is expressly stated "to prevent fraud." The stipulation shows that the unmetered deliveries were extensive and considerable in value. It was not an isolated instance of oversight or forgetfulness on the part of the deliveryman. The court may reasonably infer that the unmetered deliveries were part of a fraudulent scheme and concludes that a fraud was perpetuated upon the defendant by the plaintiff.

The court has the power to declare unenforceable a consumer contract made in violation of a statute enacted to protect consumers from fraud. See 6A Corbin, Contracts § 1512. "The court will not lend its aid in support of a contract rendered in violation of a governing statute." *Douglas* v. *Smulski,* 20 Conn. Sup. 236, 239, 131 A.2d 225 (1957). In *Douglas,* the court denied recovery to a registered professional engineer on a contract for architectural services rendered in violation of the statute governing the requirements for the licensing and registration of architects, ruling that such a contract was illegal and void as against public policy.

" 'The principle that agreements contrary to public policy are void should be applied with caution and only in cases plainly within the reasons on which that doctrine rests.' " *Williams* v. *Vista Vestra, Inc.,* 178 Conn. 323, 328, 422 A.2d 274 (1979), quoting *Collins* v. *Sears, Roebuck & Co.,* 164 Conn. 369, 376–77, 321 A.2d 444 (1973). The impropriety injurious to the interests of society which will relieve a party from the obligation he has assumed must be "clear and certain" before the contract will be found void and unenforceable. *Collins* v. *Sears, Roebuck & Co.,* supra, 377. Furthermore, the forfeiture resulting from the court's denial of enforcement of the contract should relate to the severity of the crime. See *Hiram Ricker & Sons* v. *Students International Meditation Society,* 501 F.2d 550, 556 (1st Cir. 1974).

The purpose underlying § 14-329 is implicated in the facts of this case. Section 14-329 specifies in particular detail the mechanical delivery procedure to be followed by fuel oil distributors for all deliveries subject to its provisions. That the legislature felt the need to protect the public from fraudulent delivery practices makes "clear and certain" the policy which would be furthered by denying enforcement of the plaintiff's claim for oil deliveries in violation of the proscriptions of § 14-329. The forfeiture of the plaintiff's monetary claim is not an unreasonable penalty in this action in view of the statutory penalty of a fine and/or imprisonment for a criminal violation of the statute.

In accordance with the stipulation of the parties, judgment may enter for the defendant on the plaintiff's complaint and for the defendant to recover of the plaintiff on his counterclaim damages in the amount of $1275.57, together with interest from October 8, 1981, without costs.